IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM GRAY, E-31658, | ) | |
| Petitioner, | ) | No. C 10-1424 CRB (PR) |
| vs. | ) | ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS |
| R. GROUNDS, Warden, | ) | |
| Respondent(s). | ) | (Docket # 5) |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) March 27, 2008 decision to deny him parole. Petitioner specifically claims that the BPH violated his due process rights by denying him parole: (1) without some evidence that he poses a current unreasonable threat to the public; (2) by improperly finding that he had to accept responsibility and gain insight into his offense; (3) by improperly relying on his non-violent arrests to make a finding of an escalating pattern of criminal conduct; and (4) by improperly basing its decision in part on a lack of acceptable employment plans or documented residential plans.

The Supreme Court has made clear that, in the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). The Constitution does not require more. Id.

1  As the Ninth Circuit recently put it, "Cooke was unequivocal in holding
2  that if an inmate seeking parole receives an opportunity to be heard, a notification
3  of the reasons as to denial of parole, and access to their records in advance, '[t]hat
4  should . . . be [] the beginning and the end of [the] inquiry into whether [the
5  inmate] received due process.'" Pearson v. Muntz, No. 08-55728, 2011 WL
6  12388007, at *5 (9th Cir. Apr. 5, 2011) (quoting Cooke, 131 S. Ct. at 862).
7  Because petitioner has not questioned whether those procedures were provided,
8  this court's inquiry "is at its end." Id.

9  For the foregoing reasons, the petition for a writ of habeas corpus is
10 DISMISSED.  And pursuant to Rule 11 of the Rules Governing Section 2254
11 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED
12 because it cannot be said that "reasonable jurists would find the district court's
13 assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel,
14 529 U.S. 473, 484 (2000).

15 The clerk shall enter judgment in accordance with this order, terminate all
16 pending motions (see docket # 5) as moot and close the file.

17 SO ORDERED.

18 DATED:  May 11, 2011
            CHARLES R. BREYER
19          United States District Judge

G:\PRO-SE\CRB\HC.10\Gray, W1.dismissal.wpd

2